UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AARON WILMOT, | CASE NO. C24-0181JLR |
| Plaintiff, | ORDER |
| v. | |
| TRANSWORLD SYSTEMS, INC., | |
| Defendant. | |

## I.    INTRODUCTION

Before the court is Defendant Transworld Systems, Inc.'s ("TSI") motion to dismiss Plaintiff Aaron Wilmot's complaint. (Mot. (Dkt. # 17); Reply (Dkt. # 20); *see* Compl. (Dkt. # 5).) Mr. Wilmot, who is proceeding *pro se* and *in forma pauperis*, opposes the motion. (Resp. (Dkt. # 19).) The court has reviewed the motion, the parties'

//
//
//

ORDER - 1

submissions, the relevant portions of the record, and the governing law.  Being fully advised,[1] the court GRANTS TSI's motion to dismiss.

## II.   BACKGROUND

The following allegations in Mr. Wilmot's complaint are taken as true for the purpose of evaluating TSI's motion to dismiss.

On February 6, 2024, Mr. Wilmot reviewed his LexisNexis consumer report. (Compl. ¶ 8.)  He observed that TSI, "a 'debt collector' as defined by 15 U.S.C. § 1692a(6)," made an "unauthorized" inquiry against his report on August 20, 2023, even though he had never initiated a consumer credit transaction with TSI, had an account with TSI, or entered into a contract with TSI.  (*Id.* ¶¶ 6, 9-12.)  Mr. Wilmot also had never given TSI consent to access his LexisNexis consumer report.  (*Id.* ¶ 13.)  Thus, according to Mr. Wilmot, TSI's inquiry lacked a "permissible purpose" within the meaning of the Fair Credit Reporting Act ("FCRA").  (*Id.* ¶¶ 12, 29.)

Mr. Wilmot asserts that TSI's inquiry against his LexisNexis report has caused him to "suffer[] fear, anger and frustration over an invasion of his privacy."  (*Id.* ¶ 19.) This has led to "feeling[s] of vulnerability, worry and anxiety which lead to sleeplessness, nervousness and headaches" and has caused him to "incur[] a loss of time due to research and learning necessitated by [TSI's] invasion of privacy."  (*Id.* ¶ 20.)  He brings claims against TSI for violations of the federal FCRA, 15 U.S.C. § 1681b(f); the

---

[1] Neither party requested oral argument (*see* Mot. at 1; Resp. at 1) and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Washington Fair Credit Reporting Act ("WFCRA"), RCW 19.192.030; and the Washington Consumer Protection Act ("WCPA"), ch. 19.86 RCW.  (Compl. ¶¶ 27-37.)

### III. ANALYSIS

Below, the court sets forth the standard of review and then evaluates TSI's motion to dismiss.

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief"). A plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Although "detailed factual allegations" are not required, the plaintiff must include more than "an unadorned, the-defendant-unlawfully-harmed me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")).  Furthermore, the court need not accept as true legal conclusions, "formulaic recitation[s] of the legal elements of a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because Mr.

Wilmot is a *pro se* Plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

**B.   Motion to Dismiss**

TSI asserts that Mr. Wilmot's complaint must be dismissed in its entirety for four reasons. First, it argues that Mr. Wilmot's FCRA claim must be dismissed because TSI is a debt collector and debt collection is a "permissible purpose" for accessing a consumer's credit report under the FCRA. (Mot. at 4-6 (citing *Thomas v. U.S. Bank, N.A.*, 325 F. App'x 592, 592-93 (9th Cir. 2009) ("[R]equesting a credit report with the intent to collect on a debt is among the 'permissible purposes' listed in the FCRA."); 15 U.S.C. § 1681b(a)(3)(A)).) Second, TSI contends that Mr. Wilmot fails to state a claim because he does not allege in any detail the facts supporting his FCRA claim and instead relies only on "bare allegations." (Mot. at 6); *see Pyle v. First Nat. Collection Bureau*, No. 1:12-cv-00288-AWI-SKO, 2012 WL 1413970, at *4 (E.D. Cal. Apr. 23, 2012) ("Plaintiff's bare assertion that Defendant violated the FCRA, without providing a factual basis for those assertions, does not sufficiently state a claim."). Third, TSI argues that Mr. Wilmot's state-law claims are preempted by the FCRA. (Mot. at 6-8.) Finally, TSI asserts that WFCRA applies only to conduct by a "consumer reporting agency" and thus does not apply to TSI. (*Id.* at 8 (citing RCW 19.182.030).)

Mr. Wilmot does not respond substantively to any of these arguments. (*See generally* Resp.) To the contrary, he "acknowledges settled law and affirms that [he is] *not* challenging the Defendant's rights to review a consumer's report." (Resp. ¶ 3; *see also id.* ¶ 12 (acknowledging that "the FCRA does grant debt collectors the authority to

review individual consumer credit reports as part of the debt collection process").) Rather than challenge TSI's right to access his report, Mr. Wilmot argues his case from a public policy perspective. He states that he is "questioning the *criteria* under which the Defendant should be permitted to access a consumer report." (*Id.* ¶ 3; *see also id.* ¶¶ 10 (arguing that a "soft pull" of a consumer credit report is an "invasion of privacy" and "must be addressed by the Courts and/or [the Consumer Financial Protection Bureau] to prevent further erosion of the FCRA), 12 (arguing that a "debt collector should not have unrestricted freedom to access a consumer credit report").) He complains that TSI has unfairly refused to identify the specific account for which it is acting as a debt collector and instead "was on a fishing expedition" when it accessed his credit report. (*Id.* ¶ 13.) He closes his opposition as follows:

> The sheer volume of decisions in support of debt collectors' unbridled access to consumer reports doesn't inherently validate their soundness. *More of the same case law doesn't necessarily make it better case law.* The legal system has a moral obligation to regulate debt collectors, not give them free reign, and periodically reassess existing case law with a focus on upholding consumer rights.

(*Id.* ¶ 16.)

The court notes that it is not in a position to "reassess existing case law" because Congress sets the FCRA's "permissible purposes" for accessing a consumer credit report and this court is bound to follow Ninth Circuit and Supreme Court precedent interpreting that statute. Focusing on the case at hand, the court concludes that dismissal of this matter is warranted because Mr. Wilmot (1) acknowledges that TSI, as a debt collector, may lawfully obtain his consumer reports (*see* Mot. at 2) and (2) has "effectively

ORDER - 5

abandoned" his claims by failing to respond substantively to the arguments raised in TSI's motion to dismiss. *Montgomery v. Specialized Loan Servicing, LLC*, 772 F. App'x 476, 477 (9th Cir. 2019) (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)); *see also Renato v. Beaulieu*, No. C20-0708RSM, 2022 WL 1607919, at *11 (W.D. Wash. May 20, 2022) (accepting plaintiff's failure to "substantively respond" to defendant's legal arguments "as an admission that the motion has merit"); *El v. San Diego Unified Sch. Dist.*, No. 20-CV-00257-AJB-AGS, 2021 WL 3240298, at *2 (S.D. Cal. June 29, 2021) (construing plaintiff's failure to respond to the arguments in defendant's motion to dismiss as a waiver and granting the motion to dismiss), *aff'd*, No. 21-55805, 2022 WL 1714284 (9th Cir. May 27, 2022). Therefore, the court GRANTS TSI's motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS TSI's motion to dismiss (Dkt. # 13) and DISMISSES this matter without prejudice.

Dated this 5th day of June, 2024.

JAMES L. ROBART
United States District Judge